IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RSA 1 LIMITED PARTNERSHIP and IOWA RSA 2 LIMITED PARTNERSHIP, <br><br>      Plaintiffs, <br><br> v. <br><br> PARAMOUNT SOFTWARE ASSOCIATES, INC. d/b/a PROFESSIONAL SOFTWARE OF AMARILLO, <br><br>      Defendant. | Case No. <br><br><br> COMPLAINT |

COME NOW Plaintiffs RSA 1 Limited Partnership and Iowa RSA 2 Limited Partnership and assert the following claims against Defendant Paramount Software Associates, Inc. d/b/a Professional Software of Amarillo:

## NATURE OF THE CASE

1.      Each of the Plaintiffs entered into an Outsourcing of Data Processing Agreement ("Agreement") with the Defendant in 2009.  The Plaintiffs recently transferred their data processing to a new vendor.  Defendant has asserted that the Plaintiffs owe "termination fees" under the parties' Agreements.  Plaintiffs seek a declaratory judgment that the "termination fees" sought by the Defendant constitute unenforceable penalties and that no termination fees are owed.

## PARTIES

2.      RSA 1 Limited Partnership ("RSA 1") is a limited partnership organized and existing under the laws of the State of Iowa with its principle place of business located in Emerson, Iowa.  The general partner of RSA 1 is Cellular 29 Ltd, a corporation incorporated in

the State of Iowa with its principle place of business in Emerson, Iowa.  The limited partners of RSA 1 are Alltel Communications of Nebraska, Inc., a corporation incorporated in the State of Nebraska with its principle place of business in Little Rock, Arkansas; Cumberland Telephone Company, a corporation incorporated in the State of Iowa with its principle place of business in Cumberland, Iowa; Farmers Mutual Telephone Company of Stanton, Iowa, a corporation incorporated in the State of Iowa with its principle place of business in Stanton, Iowa; Grand River Communications, Inc., a corporation incorporated in the State of Missouri with its principle place of business in Princeton, Missouri; Griswold Cooperative Telephone Company, a corporation incorporated in the State of Iowa with its principle place of business in Griswold, Iowa; ICOM, Inc. a corporation incorporated in the State of Iowa with its principle place of business in Essex, Iowa; Interstate Enterprises, Inc., a corporation incorporated in the State of Iowa with its principle place of business in Truro, Iowa; Prairie Telephone Company, Inc., a corporation incorporated in the State of Iowa with its principle place of business in Breda, Iowa; and Villisca Farmers Telephone Company, a corporation incorporated in the State of Iowa with its principle place of business in Stanton, Iowa.

3.      Iowa RSA 2 Limited Partnership is a limited partnership organized and existing under the laws of the State of Iowa with its principle place of business located in Emerson, Iowa. The general partner of RSA 2 is Cellular 35, Inc. a corporation incorporated in the State of Iowa with its principle place of business in Emerson, Iowa.  The limited partners of RSA 2 are Interstate Enterprises, Ltd., a corporation incorporated in the State of Iowa with its principle place of business in Truro, Iowa; Grand River Communications, Inc., a corporation incorporated in the State of Missouri with its principle place of business in Princeton, Missouri; and Verizon

Wireless (VAW) LLC, a corporation incorporated in the State of Delaware with its principle place of business in Little Rock, Arkansas.

4.      Defendant Paramount Software Associates, Inc. d/b/a Professional Software of Amarillo ("PSA") is a corporation incorporated in the State of Texas with its principle place of business located in Amarillo, Texas.

**JURISDICTION AND VENUE**

5.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the dispute involves citizens of different states and the amount in controversy exceeds the sum of $75,000.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(g) because a substantial portion of the events giving rise to the instant action occurred within this district and the Plaintiffs are located in this district.

**GENERAL ALLEGATIONS**

7.      On or about March 1, 2009, RSA 1 and RSA 2 entered into Outsourcing of Data Processing Agreements ("Agreements") with PSA.

8.      Pursuant to Section 2 of said Agreements, PSA would provide data processing services including service order processing, call daily record processing, incollect and outcollect processing, switch processing, switch record retrieval, pre-bill, billing, post-billing, statement rendering, archiving of system reports, and data storage.

9.      Pursuant to Section 4 of said Agreements, PSA would charge RSA 1 and RSA 2 monthly fees based upon a certain flat rate processing fee per subscriber per month.

10.     The Agreements contained no minimum number of subscribers that RSA 1 and RSA 2 were required to provide and no requirement that PSA would be the exclusive vendor for the data processing work of RSA 1 or RSA 2.

11.     Pursuant to Section 1 of the Agreements, the initial term of the Agreements was 36 months.  Thereafter, the Agreement would automatically renew for successive 24-month terms unless either party notified the other of intent not to renew within 6 months before the end of the term.

12.     In December of 2011, RSA 1 and RSA 2 decided to transfer their data processing to a different vendor and notified PSA that it would need to transfer the companies' data to a new vendor in the future.  RSA 1 and RSA 2 did not give notice that they were terminating the Agreements.

13.     On or about January 17, 2013, PSA sent an invoice to RSA 1 in the amount of $196,596.08 and an invoice to RSA 2 in the amount of $76,737.38.  PSA claimed that these amounts constituted "early termination fees" fees under Section 12 of the parties' Agreements and were purportedly based upon average fees for the previous six months times the number of months remaining on the Agreements.

14.     On or about February 28, 2013, PSA sent invoices to RSA 1 and RSA 2 for monthly processing of records.

15.     The "termination fees" imposed by PSA are unlawful and unenforceable for numerous reasons, including:

      (a)      They constitute an unenforceable penalty;

      (b)      They do not constitute a reasonable forecast for just compensation;

4

(c)     Even if the termination fees were lawful, RSA 1 and RSA 2
        never gave the notice of termination required to trigger the
        termination fees under Section 12; and

(d)     Since there are no minimum subscribers required under the
        contract and no exclusivity requirement, PSA has no
        damages from the transfer of subscribers to a new vendor.

16.     For the reasons stated above, RSA 1 and RSA 2 are not obligated to pay the

invoices submitted by PSA.

17.     There is a justiciable controversy regarding the parties' rights under the

Agreements as set forth above and the Plaintiffs seek a declaration of their rights.

WHEREFORE, Plaintiffs request that the Court issue a declaratory ruling that RSA 1 and

RSA 2 are not required to pay early termination fees or any other fees under the Outsourcing of

Data Processing Agreements with PSA.  Plaintiffs further request that the Court assess the costs

of this action against PSA and grant such further relief as it deems appropriate.


Respectfully submitted,


/s/Steven L. Nelson
Steven L. Nelson, AT0005653
DAVIS, BROWN, KOEHN, SHORS
& ROBERTS, P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone:  (515) 288-2500
Facsimile:  (515) 243-0654
E-mail:  stevenelson@davisbrownlaw.com

ATTORNEY FOR PLAINTIFFS